IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pascual Saucillo, ) | C/A No. 0:12-240-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Charles E. Samuels, and Donald F. Bauknecht, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Pascual Saucillo ("Saucillo"), a self-represented federal prisoner, filed this civil rights matter pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971),[1] against the named defendants.[2] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for summary judgment. (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Saucillo of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 26.) Saucillo responded in opposition to the defendants'

---

[1] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

[2] In his response in opposition to the defendants' motion, Saucillo appears to refer to multiple Doe defendants who were not named in his initial Complaint. To the extent that Saucillo is attempting to add defendants to this matter, Saucillo has not filed a proper motion to amend his Complaint to include any additional defendants or claims. Accordingly, such defendants, and any claims relating to these defendants, are not properly before the court.

motion (ECF No. 33) and the defendants replied (ECF No. 34). Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

The incidents that are the subject of Saucillo's Complaint occurred during his incarceration at FCI-Williamsburg, an institution of the Bureau of Prisons. Liberally construed, Saucillo's Complaint alleges that the defendants were deliberately indifferent to his medical needs with regard to treatment for his eyes. Saucillo's Complaint appears to assert that, beginning on September 20, 2006, he made numerous requests to have his eyes examined and was eventually provided treatment. (Compl., ECF No. 1 at 2.) Saucillo alleges that he was informed by medical staff on September 29, 2006 that the medical staff had "committed neglect" and that his diagnosis had been "erroneo[u]sly performed." (Id.) Saucillo further complains that his referral to an ophthalmologist was not approved by the Regional Office. (Id. at 3.)

## DISCUSSION

A.    **Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual



content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d

411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The defendants argue that Saucillo's Complaint should be dismissed because it was filed beyond the applicable statute of limitations. While there is no federal statute of limitations for actions arising under 42 U.S.C. § 1983 or Bivens, it is well settled that the limitations period for such claims is to be determined by the analogous state law statute of limitations. See, e.g., Wallace v. Kato, 549 U.S. 384, 387 (2007); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). A federal cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*); see also Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990) (holding that federal law determines when a claim accrues).[3]

Saucillo alleges that he first began filing grievances presenting "the facts relating to this complaint" on August 20, 2006. As stated above, he further alleges that he was informed by the medical staff of their misdiagnosis on September 29, 2006. Thus, viewing these dates in the light

---

[3] To the extent Saucillo attempts to raise a negligence claim, Saucillo has not properly invoked the jurisdiction of the court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.



most favorable to Saucillo, it appears that Saucillo's claims were readily discoverable by September 29, 2006 at the latest. See Nasim, 64 F.2d at 955. Saucillo filed the instant Complaint on January 20, 2012[4]—more than two years after the expiration of the applicable statute of limitations.

In his response in opposition, Saucillo presents no argument or evidence to refute the defendants' showing that Saucillo's claims are barred by the applicable statute of limitations. (ECF No. 33.)

**C.     Other Claims**

To the extent Saucillo is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 667-68.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion be granted. (ECF No. 25.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 3, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] There is no stamp from the prison mailroom on the envelope containing the Complaint. However, based on the return address and the postmark zip code, it appears that this Complaint was mailed from a prison. Therefore, this date reflects the date that the envelope was postmarked. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Even considering the date that Saucillo signed his Complaint (January 19, 2012), however, would not render Saucillo's Complaint timely filed within the applicable statutes of limitations.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).