IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pascual Saucillo, | ) | |
| | ) | Civil Action No. 0:12-cv-240-TMC |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| v. | ) | |
| | ) | |
| Charles E. Samuels; Donald F. Bauknecht, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Pascual Saucillo ("Saucillo"), a federal prisoner proceeding pro se, brought this *Bivens* action against the defendants, alleging violations of his Eighth and Fourteenth Amendment rights.[1] (Dkt. No. 1.) Specifically, Saucillo alleges that the defendants have denied him proper medical care by refusing his requests for a second opinion regarding an eye evaluation and treatment plan. The defendants have moved the court to dismiss Saucillo's complaint, or, in the alternative, to grant summary judgment in their favor. (Dkt. No. 25.) Saucillo has responded to that motion, (Dkt. No. 33), and the defendants have replied to that response, (Dkt. No. 34).

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before this court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the defendants' motion because the statute of limitations has run on Saucillo's *Bivens* claim, and any other claims he may assert fail under

---

[1] Although Saucillo states his claims in terms of 42 U.S.C. § 1983, the case is properly a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* claims are the federal equivalent of § 1983 claims, so, the court can fairly address Saucillo's allegations and may apply § 1983 case law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20, n.30 (1982).

Federal Rule of Civil Procedure 8(a).  (Dkt. No. 38.)  Saucillo has not filed any objections to the Report.

The court agrees that the statute of limitations has run, and this case should therefore be dismissed, but we rely on a different limitations period.

Section 1983 does not specify a statute of limitations, so, courts fill the gap by applying the applicable state law statute of limitations, usually the limitations period for a personal injury claim.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991).  In South Carolina, personal injury claimants are subject to a three year limitations period.  S.C. Code Ann. § 15-3-530(5) (mandating a three year statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising out of contract and not enumerated by law").  Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years."  *Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

Because the limitations period and decisions regarding tolling are so interrelated, "federal courts must 'also borrow [ ] the state's tolling rules.'"  *Peoples v. Rogers*, No. 8:10-24-CMC-BHH, 2010 WL 424201, at *1 (D.S.C. Feb. 1, 2010) (quoting *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992)).  The relevant South Carolina tolling statute states: "When the commencement of an action shall be stayed by . . . statutory prohibition the time of the . . . prohibition shall not be part of the time limited for the commencement of the action." S.C. Code Ann. § 15-3-100.  Thus, federal courts applying this provision to § 1983 actions should toll the statute of limitations when a statutory bar delays the plaintiff from commencing the suit.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prevents prisoners from bringing § 1983 actions until they have exhausted all available administrative remedies.  *See* 42

U.S.C. § 1997e(a). Thus, many circuits with similar tolling statutes "have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e." *Peoples*, 2010 WL 424201 at *2 (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 2009)). The Fourth Circuit has not ruled on the relationship between § 1997e and South Carolina's tolling statute, but this court adopts the reasoning above. Accordingly, the statute of limitations is tolled in this case until Saucillo exhausted all available administrative remedies.

In his complaint, Saucillo alleges that, at some point during treatment for his ongoing eye problem, medical personnel informed him that his continued problems may be due to a misdiagnosis or an error in the treatment plan. As a result, Saucillo filed an attempt for informal resolution. (Dkt. No. 8, Ex. 1.) Prison officials responded to his request on September 20, 2006. (Dkt. No. 8, Ex. 2.) Saucillo appealed this decision by filing a Request for Administrative Remedy on October 2, 2006. (Dkt. No. 8, Ex. 3.) Prison officials replied to that request on October 24, 2006. (Dkt. No. 8, Ex. 4.) On October 30, 2006, Saucillo appealed that decision through a Regional Administrative Appeal. (Dkt. No. 8, Ex. 5.) The regional director denied that appeal on December 1, 2006. (Dkt. No. 8, Ex. 6.) So, on December 14, 2006, Saucillo appealed to the Central Office through a Central Office Administrative Remedy Appeal. (Dkt. No. 8, Ex. 7.)

Although the record does not contain a response from the Central Office, the Admission and Orientation Manual for Williamsburg Federal Correctional Institution states that the Central Office must answer the appeal within forty calendar days, or may extend the time period to eighty days if they notify the inmate. Admission and Orientation Manual, Federal Correctional Institution (Medium) and Satellite Camp, Williamsburg, South Carolina (September 2011) pp.

45-46, *available at* http://www.bop.gov/locations/institutions/wil/index.jsp. So, at the very latest, Saucillo was due a response by March 2007. Accordingly, after March 2007, Saucillo would have exhausted all available administrative remedies. Saucillo filed his complaint in this case on January 26, 2012, over four years after he exhausted his available administrative remedies. Therefore, Saucillo's *Bivens* claims are time-barred and must be dismissed.

To the extent that Saucillo's complaint asserts other causes of action, they appear to lie in negligence or related state tort law. Without addressing or deciding the inevitable jurisdiction issue, the court notes that those claims are subject to the same three year statute of limitations and, thus, are also time-barred.[2]

Therefore, after a thorough review if the record in this case, including the complaint, motion to dismiss and related briefing, and the Report, the court grants defendants' motion to dismiss (Dkt. No. 25).

**IT IS SO ORDERED**.

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 30, 2013

---

[2] In their motion to dismiss, the defendants address the possible applicability of S.C. Code Ann. § 15-3-545, which provides for a three year limitations period from the date of discovery, not to exceed six years from the date of occurrence for medical malpractice claims. Even in his response to the motion to dismiss, Saucillo does not name a licensed healthcare provider as a possible defendant. Thus, § 15-3-545 does not apply.